**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARIA CARDEC SANTIAGO, <br><br> *Plaintiff*, <br><br> v. <br><br> ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> *Defendant*. | No. 3:19cv1026 (MPS) |

**RULING ON THE PLAINTIFF'S MOTION TO REVERSE AND THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

In this appeal from the Social Security Commissioner's denial of benefits, Plaintiff Maria Cardec Santiago argues that the Administrative Law Judge ("ALJ") failed to: (1) find the Plaintiff's anxiety was a medically determinable impairment; (2) find the Plaintiff's fibromyalgia and sleep apnea were severe impairments; and (3) properly weigh the opinion of her treating psychiatrist. I agree with Ms. Santiago's first argument and remand the case to the Commissioner.

I assume familiarity with Ms. Santiago's medical history, as summarized in the Plaintiff's Statement of Facts, ECF No. 16-2, which the Commissioner incorporates and supplements, ECF No. 19-2, and which I adopt and incorporate herein by reference. I also assume familiarity with the ALJ's opinion, the record, and the five sequential steps used in the analysis of disability claims. I cite only those portions of the record and the legal standards necessary to explain this ruling.

I.    **Standard of Review**

"A district court reviewing a final . . . decision pursuant to . . . 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, a district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability

benefits. *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court's function is to "first decide whether [the agency] applied the correct legal principles in making the determination[,] . . . then decide whether the determination is supported by 'substantial evidence.'" *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). If the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). The Second Circuit has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citation and quotation marks omitted). Substantial evidence must be "more than a mere scintilla or a touch of proof here and there in the record." *Id.*

## II.     Discussion

Ms. Santiago argues that the ALJ erred in finding that her anxiety was not a medically determinable impairment. I agree.

"The question of whether and which of a claimant's impairments are 'medically determinable' must be answered at the start of the ALJ's sequential evaluation, given that, in order to be found disabled, a claimant must show that she is unable to perform any substantial gainful activity by reason of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Penny Lou S v. Comm'r of Soc. Sec.*, No. 2:18CV213, 2019 WL 5078603, at \*5 (D. Vt. Oct. 10, 2019) (internal quotation marks omitted). Only impairments that are "medically determinable" may be considered in the disability analysis. *See* 20 C.F.R. § 404.1505(a). In order to qualify as a medically determinable impairment, an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by

2

medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment must be established by "objective medical evidence from an acceptable medical source." *Id.*

 "[S]ymptom-related limitations and restrictions must be considered at ... step [two] of the sequential evaluation process, provided that the individual has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms." SSR 96–3p, 1996 WL 374181, at *2 (July 2, 1996). "It follows that if an impairment is not medically determinable, it cannot be severe within the meaning of the SSA, and 'symptom-related limitations and restrictions allegedly resulting from that impairment cannot be considered at step two of the sequential process.'" *Carpenter v. Astrue*, No. 5:10-CV-249, 2011 WL 3951623, at *8 (D. Vt. Sept. 7, 2011) (citations omitted).

The ALJ noted that Ms. Santiago alleged that she suffers from anxiety and that her therapist, Luis Jaramillo, found that she had generalized anxiety disorder. (R. at 19.) The ALJ did not find that the plaintiff's anxiety was a medically determinable impairment, however, because there was "no diagnosis of anxiety disorder in the record from an acceptable medical source."[1] (R. at 19.)

Substantial evidence does not support the ALJ's finding that the Plaintiff did not suffer from a medically determinable impairment of anxiety. In 2017, Dr. Salamanca, Ms. Santiago's treating psychiatrist, stated that Ms. Santiago suffered from depressive disorder, chronic with anxious mood. (R. at 1250.) In describing Ms. Santiago's "problems" under "initial treatment plan," Dr. Salamanca listed "depression" and "anxiety" as separate problems. (R. at 1251.) Dr. Salamanca's treatment plan was to treat the Plaintiff's depression with Zoloft and her anxiety with

---

[1] As a social worker, Mr. Jaramillo, is not an acceptable medical source. 20 C.F.R. § 404.1502(a).

Buspar, an anti-anxiety medication. (R. at 1251.) During the ensuing months. Dr. Salamanca

continued Ms. Santiago's Buspar medication. *See, e.g*., R. at 1221, 1223, 1225, 1227, 1229, 1231.

And the Plaintiff was still on the medication at the time of the hearing. (R. at 73, 530.) Moreover,

record evidence reflects that Dr. Salamanca was treating Ms. Santiago for depression and anxiety.

(R. at 1224, 1226 (medical records stating that Plaintiff was being seen for followup of depression

and anxiety).) In a Mental Health Questionnaire completed in September 2018, Dr. Salamanca

stated that Ms. Santiago's diagnosis was "depressive disorder chronic with anxious mood." (R. at

1281.) Under clinical findings, Dr. Salamanca wrote that Ms. Santiago suffered from "anxiety,

depression, increased irritability with angry outburst." (*Id.*) She further indicated under signs and

symptoms, that Ms. Santiago suffered from "generalized persistent anxiety." (*Id.*)

Although an error at step two may be harmless if the ALJ identified other severe

impairments, proceeded through the remainder of the sequential evaluation, and specifically

considered all severe and non-severe impairments during subsequent steps of the process, *see*

*Reices-Colon v. Astrue*, 523 Fed. Appx. 796, 798 (2d Cir. 2013), the ALJ's error in this case

stemmed not from a step-two severity conclusion but from the conclusion that Ms. Santiago's

anxiety was not a medically determinable impairment. "[T]he step-two harmless error doctrine is

inapplicable to a determination that an impairment is not medically determinable." *Penny Lou S*,

2019 WL 5078603, at *8. "Th[e] distinction [between an ALJ's determination that an impairment

is not severe and her determination that an impairment is not medically determinable] is significant

because an ALJ may credit a claimant's statements about her symptoms and functional limitations

only if the impairment to which they relate is medically determinable." *Cooper v. Comm'r of Soc.*

*Sec.*, No. 17CV1058, 2019 WL 1109573, at *5 (W.D.N.Y. Mar. 11, 2019) (where ALJ's finding

that plaintiff's condition was not a medically determinable impairment was not supported by

substantial evidence, harmless error analysis did not apply and remand was warranted).  *See* SSR 12-2P, 2012 WL 3104869 *5 (July 25, 2012)("*Once a[ medically determinable impairment] is established*, we then evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work." (emphasis added)); *see also Lauren A. v. Saul,* No. 8:18-CV-0244, 2019 WL 4242248, at *7 (N.D.N.Y. Sept. 6, 2019)(ALJ's failure to find impairment medically determinable was not harmless and warranted remand); *Keller v. Colvin,* No. 16-CV-6399, 2017 WL 4112024, at *14 (W.D.N.Y. Sept. 18, 2017) ("[T]he ALJ's error in this case stemmed not from a severity conclusion, but from the conclusion that Keller's [condition] was not a medically determinable impairment. The distinction is significant because the step two harmless error doctrine is inapplicable to a determination that an impairment is not medically determinable. "); *Childs v. Colvin*, No. 1:14CV462, 2016 WL 1127801, at *3-4 (W.D.N.Y. Mar. 23, 2016) (ALJ's failure to find claimant's schizoaffective disorder was a medically determinable impairment "constituted reversible error, because a full consideration of plaintiff's disorder could have affected the outcome of her application"); *Showers v. Colvin*, No. 3:13cv1147, 2015 WL 1383819, *8 (N.D.N.Y. Mar. 25, 2015) (harmless error doctrine not applicable to ALJ's determination that Plaintiff's claimed personality disorder, depression and anxiety were not medically-determinable impairments: "Since [the ALJ] found that Showers's claimed personality disorder, depression and anxiety were not medically-determinable abnormalities rising to the level of impairments, functional limitations attributable thereto were never considered at subsequent steps or when formulating Showers's residual functional capacity.").

The ALJ's error in finding that Ms. Santiago's anxiety was not a medically determinable impairment impacted the subsequent steps of the disability determination process because, once

5

the ALJ found the impairment to be not medically determinable, he was not required to consider

it in determining Ms. Santiago's RFC.  *See Jennifer W. v. Comm'r of Soc. Sec.*, No. 5:19-CV-37,

2020 WL 549357, at *19 (D. Vt. Feb. 4, 2020) ("Although the ALJ was careful to state that she

fully considered Plaintiff's psychiatric symptoms and mental functioning regardless of specific

diagnoses, the ALJ's determination that PTSD was not medically determinable likely impacted the

subsequent steps of the determination."); *Penny Lou S.*, 2019 WL 5078603, at *8 (error in finding

condition was not medically determinable impairment "impact[s] the subsequent steps of the

disability determination process because, once the ALJ [finds] the impairment to be not medically

determinable, he [is] not required to consider it in determining Plaintiff's RFC" and because such

a finding may alter assessment of credibility); *Carpenter v. Astrue*, No. 5:10-CV-249, 2011 WL

3951623, at *9 (D. Vt. Sept. 7, 2011) (where ALJ erred by finding plaintiff's thoracic outlet

syndrome was not a medically determinable impairment, remand was warranted).

Further, there is some indication in the record that the ALJ's determination that anxiety

disorder was not a medically determinable impairment influenced his assessment of both the

opinion evidence and Ms. Santiago's residual functional capacity (RFC).  The ALJ gave "little

weight" to the opinions of Dr. Salamanca that Ms. Santiago would be "off-task" more than 25

percent of the time and absent from work more than four days per month (R. at 25), both of which

appeared in the same mental health questionnaire in which Dr. Salamanca had referred to a

diagnosis of "depressive disorder chronic with anxious mood," had cited "anxiety" as the first in

a list of "clinical findings," and had checked "generalized persistent anxiety" as one of her patient's

"signs and symptoms."  (R. at 1281-83.)  In addition, in his RFC finding, the ALJ determined,

among other things, that Ms. Santiago could have "frequent interaction with supervisors and with

co-workers."  (R. at   21.)   Because he was not required to consider functional limitations

attributable to Ms. Santiago's anxiety in assigning weight to Dr. Salamanca's opinions and in determining the RFC, and because such consideration might have altered his conclusions as to both, I cannot conclude that his error in identifying Ms. Santiago's medically determinable impairments was harmless.

I do not reach Ms. Santiago's other arguments "because upon remand and after a *de novo* hearing, [the ALJ] shall review this matter in its entirety." *Delgado v. Berryhill*, No. 3:17CV54(JCH), 2018 WL 1316198, at *15 (D. Conn. Mar. 14, 2018) (citation omitted).

## III.    Conclusion

For these reasons, Ms. Santiago's motion to reverse the Commissioner's decision or remand to the agency for a hearing, ECF No. 16, is GRANTED to the extent that the case is remanded to the Commissioner for a new hearing, and the Commissioner's motion to affirm, ECF No. 19, is DENIED.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              September 14, 2020